UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL LaFOUNTAIN,

        Plaintiff,                                  Case No. 1:08-cv-518

v.                                                  Honorable Paul L. Maloney

MATT BREVARD et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed as legally frivolous because it is barred by the doctrine of *res judicata*.

### Factual Allegations

Plaintiff is incarcerated in the Ionia Maximum Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated at the Muskegon Correctional

Facility (MCF). In his *pro se* complaint, Plaintiff sues Shirlee Harry, MCF Warden; Matt Brevard, MCF Grievance Coordinator; Jim Armstrong, Manager of Prisoner Affairs; and Patricia Caruso, Director of the Michigan Department of Corrections (MDOC).

Plaintiff claims that Defendants have intentionally applied the MDOC Grievance Policy in such a manner as to prevent him from properly exhausting his administrative remedies for purposes of filing a civil rights action in the federal court. Specifically, Plaintiff claims that a previous civil rights action filed in this Court, *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.), was dismissed for lack of exhaustion as the result of Defendants' "fraudulent" application of the Grievance Policy. In that case, the defendant moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. In a report and recommendation issued on February 8, 2008, the Magistrate Judge carefully reviewed the relevant grievances and grievance responses and considered whether prison officials' applied the Grievance Policy to Plaintiff's grievances in a manner that violated his First Amendment right of access to the courts. The Magistrate Judge concluded that the prison grievance process, as applied to Plaintiff's grievances, did not violate his First Amendment rights. On April 28, 2008, the Court issued an opinion and order adopting the report and recommendation and granted summary judgment in favor of the defendant. Plaintiff has filed a notice of appeal in that case.

In this case, Plaintiff argues that Defendants' application of the Grievance Policy to the same grievances analyzed in the previous case resulted in a violation of his constitutional rights.

## Discussion

The doctrine of collateral estoppel, also known as issue preclusion, is one of two preclusion concepts that comprise the doctrine of *res judicata*. *See Migra v. Warren City Sch. Dist.*

*Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (citations omitted). Collateral estoppel "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Id.* (citation omitted). In order for collateral estoppel to apply: (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003) (quoting *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union*, 97 F.3d 155, 161 (6th Cir. 1996)).

The requirements of collateral estoppel are satisfied in this case. The issue raised by Plaintiff in this action was raised and litigated in his previous civil rights action, *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.). After a thorough analysis, the Court concluded in the previous case that the prison grievance process, as applied to Plaintiff's grievances, did not violate his First Amendment rights. The Court's determination of the issue was necessary to the outcome of the previous proceeding, i.e., that Plaintiff failed to exhaust his administrative remedies with regard to the claims asserted in his complaint. In the previous case, the Court granted summary judgment in favor of the defendant because Plaintiff failed to exhaust his administrative remedies. While the Court did not reach the merits of Plaintiff's underlying claims raised in his complaint, the decision was dispositive as to the issue of exhaustion and whether Plaintiff's constitutional rights were violated by the application of the Grievance Policy to his grievances. Plaintiff had an opportunity to file a response to the defendant's motion for summary judgment and to file objections to the Magistrate Judge's report and recommendation. Thus, Plaintiff had a full and fair opportunity to

litigate the issue in the prior proceeding. Consequently, Plaintiff is precluded from relitigating the issue in this case. Plaintiff, however, may seek appellate review of this Court's decision in *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.). As noted above, Plaintiff has filed a notice of appeal in that case.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Plaintiff's action is barred by *res judicata*, it lacks an arguable basis in law. Therefore, his action should be dismissed as frivolous. *See Taylor v. Reynolds*, 22 F. App'x 537 (6th Cir. 2001) ( affirming district court's dismissal of prisoner's complaint as frivolous pursuant to 28 U.S.C. § 1915(e), after concluding that the prisoner's complaint was barred by *res judicata*); *Jackson v. Kinkela*, No. 98-3551, 1999 WL 623672 (6th Cir. Aug. 10, 1999) (same).

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  August 28, 2008                           /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).