UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                    |
WAYNE EARL LAFOUNTAIN #171248,    |    Case No. 1:08-cv-518
                                                    |
    Plaintiff,                              |    Chief Judge Paul L. Maloney
                                                    |
    v.                                          |    Magistrate Judge Ellen Carmody
                                                    |
MATT BREVARD, Grievance Coordinator |
in his official and individual capacities,  |
                                                    |
SHIRLEE A. HARRY, Warden,            |
in her official and individual capacities, |
                                                    |
JIM ARMSTRONG, Manager of Office of Affairs, |
in his official and individual capacities,  |
                                                    |
PATRICIA CARUSO, Director of MDOC, |
in her official and individual capacities, |
                                                    |
all jointly and severally,                    |
                                                    |
    Defendants.                            |
                                                    |
_____

## Opinion and Order

### Holding that the R&R Regarding the Original Complaint is Moot

Plaintiff Wayne Earl Lafountain ("Lafountain"), who is incarcerated in a Michigan state prison, sued the Michigan Department of Corrections ("MDOC")'s director and others in *LaFountain v. Martin*, Civil Action No. 1:2007–cv-76 (W.D. Mich.). In February 2008, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that that action be dismissed for failure to exhaust administrative remedies, and concluding that the prison

grievance process, as applied to LaFountain's grievances, did not violate his First Amendment right of access to the courts.[1] LaFountain timely objected to that R&R, but on April 28, 2008 this court overruled his objections, adopted the R&R, and dismissed the complaint for failure to exhaust administrative remedies.

In the instant complaint, LaFountain sues MDOC and the warden, grievance coordinator, and manager of prisoner affairs at the Muskegon Correctional Facility ("the prison") under 42 U.S.C. § 1983, alleging that their application of the same grievance policy to the same grievances violated his constitutional rights. The Magistrate Judge issued an R&R on August 28, 2008, recommending that the complaint be dismissed as barred by the doctrine of *res judicata* – specifically, issue preclusion – and LaFountain timely filed objections on September 15, 2008.

By order dated December 2, 2008 [document #12], this court directed that the complaint, R&R and objections be served on the defendants, and that they respond to Lafountain's objections by January 9, 2009. Defendants Brevard, Armstrong and Harry were not served until January 5, and defendant Caruso was not served until January 7, 2009, so the court extended the defendants' response deadline to February 16, 2009.

**On February 6, 2009, however, Lafountain filed an amended complaint.**

Because the defendants had not yet filed an answer,[2] Lafountain was entitled to amend his

---

[1]

LaFountain timely filed a notice of appeal on May 14, 2008, and the U.S. Court of Appeals for the Sixth Circuit assigned case number 08-1796 to his appeal. On August 29, 2008, Magistrate Judge Carmody issued an order granting LaFountain leave to proceed *in forma pauperis* on appeal, allowing him to proceed without payment of an initial partial appeal fee but requiring him ultimately to pay the entire appeal fee. To date, it appears that the Circuit has not scheduled oral argument.

[2]

"'Cases uniformly hold that a responsive pleading is solely one of the pleadings mentioned in Rule 7(a) – [such as an answer –] other responses, such as a motion to dismiss or a motion for

complaint as of right, without leave of court or opposing counsel. *Essroc Cement Corp. v. CPRIN Recycling, Inc.*, 2009 WL 129809, *1 (W.D. Mich. Jan. 20, 2009) (Paul L. Maloney, C.J.) (citing *Rogers v. AK Steel Corp.*, 1998 WL 1753590, *2 (S.D. Ohio Apr. 16, 1998) ("'A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .'") (quoting FED. R. CIV. P. 15(a)) and *McCready v. Michigan State Bar Standing Committee on Character & Fitness*, 926 F. Supp. 618, 620 (W.D. Mich. 1995) (McKeague, J.) ("Plaintiff was entitled to file his amended complaint as of right . . . because defendant had failed to file an answer to his original complaint."), *aff'd o.g.*, 1996 WL 637484 (6th Cir. Nov. 4, 1996)).

Accordingly, the court accepted Lafountain's first amended complaint for filing.

"'[O]nce accepted, an amended complaint replaces the original.'" *Malik v. AT&T Mobility, LLC*, 2008 WL 4104555, *3 (W.D. Mich. Aug. 29, 2008) (Maloney, C.J.) and *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007) (Maloney, J.) (both quoting *FL Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part & dissenting in part o.g., joined by Powell, Rehnquist, & O'Connor, JJ.)). The filing of the amended complaint "render[s] the original complaint null and void . . . ." *Malik*, 2008 WL 4104555 at *3 (quoting *Vadas v. US*, 527 F.3d 16, 22 n.4 (2d Cir. 2007)). *See also Essroc*, 2009 WL 129809 at *1 (Maloney, C.J.) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (citing *B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir.

---

summary judgment, do not suffice' under Rule 15(a)." *Riley v. Fritz*, 2009 WL –, *– (W.D. Mich. Feb. 6, 2009) (Maloney, C.J.) (quoting *PNC Secs. Corp. v. Finanz Liedgens GMBH*, 1996 WL 665574, *6 (6th Cir. Nov. 14, 1996) (cites omitted)). *See, e.g., Wingert v. JPMorgan Chase Bank*, 537 F.3d 565, 574 (6th Cir. 2008) (motion to dismiss is not a responsive pleading) (cite omitted), *reh'g en banc denied* (Oct. 28, 2008); *Friske v. Scutt*, 2008 WL 4857963, *1 (E.D. Mich. Nov. 6, 2008) (M.J.) (motion for summary judgment is not a responsive pleading), *order aff'd*, 2008 WL 5211613 (E.D. Mich. Dec. 11, 2008) (D.J.).

2008) (citations omitted)).

"Because the original 'complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of [the] claims . . . asserted therein.'" *Essroc*, 2009 WL 129809 at *1 (quoting *Van Vels v. Betten*, 2007 WL 2461933, *1 (W.D. Mich. Aug. 27, 2007) (Maloney, J.) (citing *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) ("If these . . . superseded May's original amended complaint, the present appeal would be moot because there would no longer be a live dispute over whether Sheahan is entitled to qualified immunity based on the allegations in the Amended Complaint."))).

Therefore, any motion addressed to the original complaint is moot. *See Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (Maloney, C.J.) (citing, *inter alia*, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). **Likewise, when a plaintiff amends his complaint, it also moots any R&R that was issued regarding the now-superseded earlier complaint.** *See Riley v. Fritz*, 2009 WL ------, *– (W.D. Mich. Feb. 3, 2009) (Maloney, C.J.) (disregarding as moot the R&R regarding a superseded complaint) (citing *Garey v. Thompson*, 2009 WL 213116, *1 (M.D. Ga. Jan. 28, 2009) ("Because an amended complaint supersedes the original complaint . . . the R&R recommending dismissal of Plaintiff's original complaint is moot.") and *Rogers v. Detroit PD*, – F. Supp.2d –, 2009 WL 127665, *1 (E.D. Mich. 2009) (Ludington, J.) ("[T]he court rejected the [R&R] as moot, permitted plaintiff to amend his complaint for the second time, and again referred the case to Magistrate Judge . . . .") and *In re Global Int'l Airways Corp.*, 81 B.R. 541, 542 n.3 (W.D. Mo. 1988) ("The bankruptcy court withdrew its [R&R] because it had granted the plaintiff's motion to amend the complaint . . . thus making the bankruptcy court's [R&R] moot.")). Accordingly, the court must disregard the R&R as moot.

**Nonetheless, this court will address two portions of Lafountain's purported "objections" to the moot R&R: his request for recusal of this judge and/or Magistrate Judge Carmody and reassignment of the case (which lacks merit), and his criticism of the court's rulings in one of his other cases, *Martin* (which is not properly raised in this case and must be raised on appeal in the *Martin* case).**

Lafountain strings together a series of customary court procedures and mundane events and speculates that they reflect judicial bias against him. LaFountain writes,

> Upon filing the instant complaint, the random selection of a judge resulted in the assignment of district judge Gordon J. Quist; on June 30, 2008, the Chief Judge of the Western District, Robert Holmes Bell, issued Administrative Order #08-901. In order to remove judge Quist and reassign judge Paul L. Maloney as presiding judge on this case; the reason for the re-assignment Order was stated as being that this case is "related" to the previous case, LaFountain -vs- Martin, Case No. 1:07-cv-76, which was perceived as "currently pending before" judge Maloney. What was, in fact, pending before judge Maloney at that time is Plaintiff's Notice of Appeal accompanied by plaintiff's Motion for Leave to Appeal In Forma Pauperis [("IFP"], along with a statement of probable appeal claims.

> Since being assigned to this case, judge Maloney has placed the Motion for Leave to Appeal [IFP], as related to *Martin*, *supra*, in stasis; that Motion has been pending before either magistrate Carmody or Judge Maloney for several months and has neither been granted or denied. While holding the *Martin* appeal in stasis, the magistrate has now issued a *sua-sponte*, Report recommending dismissal of this case based upon Res Judicata; at the same time, the magistrate has claimed that plaintiff can "appeal" the summary judgment in the *Martin* case, Rep. at 4. While claiming that plaintiff may appeal the previous case, this court is holding that appeal in stasis by refusing to either grant or deny plaintiff's Motion for Leave To Appeal [IFP] in the *Martin* case, (plaintiff paid the filing fee in the district court and is not entitled to automatic [IFP] status on appeal).

> Plaintiff now objects claiming judicial bias; the combined actions of the Chief Judge [former Chief Judge Bell], in removing a neutral judge from this case combined with the actions of this court in holding the *Martin* appeal in stasis, have resulted in a tactical delay by this court of the *Martin* appeal which has paved the way for the magistrate, and judge Maloney, to dismiss the instant complaint by application of Res Judicata or Collateral Estoppel; the bias is in placing this court in the position of having to either rule against its previous holdings in *Martin* or dismissing the

> instant complaint by way of Res Judicata; the result is that this plaintiff is being denied the neutral and detached magistrate or judge as required by the Due Process Clause of the Fifth Amendment. On that basis, the magistrate's Report should be rejected and the court should disqualify itself from this case. In further support of this Objection is the recent action of the State in suddenly and unexpectedly ordering plaintiff's transfer from one prison to another in an obvious attempt at undermining plaintiff's ability for submitting timely Objections to the Magistrate's Report and Recommendation.

Objection at 1-2.

LaFountain has provided no basis for a recusal based on either the nature or the timing of the actions of any judge or employee of this court in this case or in Case No. 1:07-cv-76.

First, this case was reassigned from Judge Quist to this judge as a related case because it is indeed very closely related to – indeed, nearly identical to – the case that this judge earlier handled, No. 1:2007-cv-76. It is immaterial whether the prior case was still pending, recently resolved, or resolved long ago; the fact remains that this case is related to the prior case within the meaning of this court's local civil rules. The applicable rule provides:

> 3.3.1   Assignment of Cases to Judges.
> 
> \* \* \*
> 
> (c) Procedure – The Clerk shall use automated or manual means to assign new cases to judges at random in accordance with administrative orders issued by the Court from time to time. The Clerk shall mark the name of the assigned Judge on the first document of the case and preserve a record of such assignments.
> 
> (d) Exceptions
> 
> \* \* \*
> 
> (iii)   Related Cases - Cases related to cases already assigned to a judge shall be assigned or transferred as set out below.
> 
> (A) Definition - Cases are deemed related when a filed case (1) relates to property involved in an earlier numbered pending suit, or (2) arises out of the same transaction or occurrence and involves one or more of the same parties as a pending suit, or (3) involves the validity or infringement of a patent already in suit in any pending earlier numbered case.

> (B) <u>Determination</u> - When it appears to the Clerk that two or more cases may be related cases, they shall be referred to the magistrate judge assigned to the judge who has the earliest case to determine whether or not the cases are related. If related, the cases will be assigned to the same judge. If cases are found to be related cases after assignment to different judges, they may be reassigned by the Chief Judge to the judge having the related case earliest filed.

W.D. MICH. LCIVR 3.3.1(c) and (d). *See, e.g.,* applying W.D. MICH. LCIVR 3.3.1 to direct the reassignment of a related case: *US v. Singh*, 2008 WL 1781360, *1 (W.D. Mich. Apr. 16, 2008) (Robert Holmes Bell, C.J.); *US v. Simmons*, 2008 WL 647655, *1 (W.D. Mich. Mar. 7, 2008) (Joseph G. Scoville, U.S.M.J.).

Even if this case had not been reassigned to this judge as related to Civil Action No. 2007-76 pursuant to W.D. MICH. LCIVR 3.3.1, it would have been properly reassigned to this judge as a "cognate" case pursuant to W.D. MICH. LCIVR 3.3.2. That rule defines cognate cases as "pending civil actions involving the same or similar questions of fact or law such that their assignment to a single judge is likely to [e]ffect a substantial saving of judicial effort and to avoid wasteful and duplicative proceedings for the court and parties." *See* W.D. MICH. LCIVR 3.3.2(c)(I).

**Second, LaFountain's apparent assertion that this court has deliberately delayed his motion for IFP status on appeal in the earlier case is baseless.** On May 14, 2008, LaFountain filed his notice of appeal, and his application for IFP status on appeal, in the earlier case. *See* Case No. 1:07-cv-76, Document Nos. 41 and 42. Less than three weeks later, on June 6, 2008, the Magistrate issued a deficiency order, finding that LaFountain had failed to either file the $455 appeal fee or submit the documents required by statute for an IFP application. The Magistrate explained,

> Under the provisions of the Prison litigation Reform Act, if a prisoner wishes to proceed *in forma pauperis* on appeal, the prisoner must file in the district court a motion for leave to proceed *in forma pauperis*, a certified copy of a prisoner trust account statement, and an affidavit of indigence. 28 U.S.C. § 1915(a)(2); *McGorev.*

> *Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997).  *Plaintiff has failed to file the required trust account statement in order to proceed in forma pauperis.*  Plaintiff is hereby notified of the foregoing deficiency.

No. 1:07-cv-76, Doc. 44 (emphasis added).  The order was mailed to LaFountain on June 9, 2008.

On June 18, 2008, Lafountain filed the required Prisoner Trust Fund Account Statement.  *See* Case No. 1:07-cv-76, Document No. 45.  The Magistrate issued an order on August 29, 2008, allowing LaFountain to proceed on appeal without paying the partial initial filing fee, and setting up a schedule of installment payments.  Case No. 1:07-cv-76, Doc. 48.  That order was mailed to LaFountain on September 2, 2008.  On this record, it cannot be said that the Magistrate, the Clerk's Office, or this judge obstructed or unreasonably delayed LaFountain's appeal in the earlier case.

**LaFountain's third recusal argument is that Magistrate Judge Carmody "*sua sponte*" issued the R&R recommending dismissal of his complaint in the current case.**  In this regard, the Clerk of Court, and the Magistrate Judge, did only what this court's established local civil rules required them to do.  W.D. MICH. LCIVR 72.2 is entitled Assignment of Matters to Magistrate Judges.  Under subsection (b), which is entitled Social Security, habeas corpus and prisoner civil rights cases, the Clerk of Court and the Magistrate Judges had no discretion as to the assignment of the current case to a magistrate judge along with a district judge:

> *At the time of filing any* social security, habeas corpus or *prisoner civil rights case, the Clerk shall assign the case to a judge and to a magistrate judge* in accordance with procedures established by these rules and the implementing orders of the Court.  The assigned magistrate judge may enter such orders and conduct such proceedings in that case as are authorized by statute or rule, without any further order of reference.  An order disposing of the case may only be entered by a judge.

W.D. MICH. LCIVR 72.2(b) (emphasis added).  Once the case was assigned to the magistrate judge, this court's local civil rules specifically contemplated and authorized her issuance of a non-binding report and recommendation.  W.D. MICH. LCIVR 72.1 provides, in pertinent part,

> The United States magistrate judges of this district are hereby empowered to perform all duties authorized by 28 U.S.C. § 636 and any other duty not inconsistent with the Constitution and laws of the United States, as more fully set forth below.
>
> * * *
>
> (e) <u>Prisoner Cases under 42 U.S.C. § 1983</u> - A magistrate may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and may submit to a judge a report containing proposed findings of fact and recommendations for the disposition of petitions filed by prisoners challenging their conditions of confinement.
>
> (f) <u>Other duties</u> - A magistrate judge is also authorized to:
> * * *
> (xiv) Perform any additional duties not inconsistent with the Constitution and laws of the United States.

Moreover, by "*sua sponte*" evaluating whether LaFountain's complaint was barred by *res judicata*, a statute of limitations, or otherwise was frivolous, the Magistrate Judge did what Congress requires. As the Sixth Circuit recently stated, "The Prison Litigation Reform Act ('PLRA') requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing 28 U.S.C. § 1915A(b)).

For these reasons, the court rejects any request that this judge recuse himself from this case or that Magistrate Judge Carmody recuse herself from this case.

**Finally, LaFountain also complains that this court, in his *Martin* case, erred by *sua sponte* raising affirmative defenses the defendant had failed to raise,** failure to exhaust administrative remedies and untimeliness. *See* Obj. at 8-11. LaFountain, however, should direct this argument to our Circuit on appeal in *Martin*, not to this court by way of a purported objection to the R&R's conclusion that *res judicata* barred the original complaint.

## ORDER

The court **REJECTS** the R&R [document # 5] regarding the original complaint as **moot**.

The amended complaint will be reviewed pursuant to this Court's procedures.

This is not a final order.

**IT IS SO ORDERED this 20th day of February 2009.**

                                            /s/ Paul L. Maloney
                                            Honorable Paul L. Maloney
                                            Chief United States District Judge