UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,

        Plaintiff,                          Case No. 1:08-cv-518

v.                                          Honorable Paul L. Maloney

MATT BREVARD et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act (PRLA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

        On August 28, 2008, applying these standards, the Magistrate Judge recommended dismissing Plaintiff's complaint for failure to state a claim. Plaintiff filed objections to the report and recommendation. The Court ordered the complaint served and directed Defendants to respond to Plaintiff's objections. Before Defendants filed their response, Plaintiff filed an amended complaint. On February 20, 2008, the Court concluded that, in light of the amended complaint, the report and recommendation was moot. The matter now is before the Court for consideration of the amended

complaint under the standards of the PRLA. For the reasons that follow, the amended complaint is dismissed for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Carson City Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated at the Muskegon Correctional Facility (MCF). In his *pro se* complaint, Plaintiff sues MCF Warden Shirlee Harry; MCF Grievance Coordinator Matt Brevard; MDOC Manager of Prisoner Affairs Jim Armstrong; and MDOC Director Patricia Caruso.

In his amended complaint, Plaintiff claims that Defendants have intentionally applied the MDOC Grievance Policy in such a manner as to prevent him from properly exhausting his administrative remedies for purposes of filing a civil rights action in the federal court. Specifically, Plaintiff claims that a previous civil rights action filed in this Court against MCF Corrections Officer Anthony Martin, *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.), was dismissed for lack of exhaustion as the result of Defendants' "fraudulent" application of the Grievance Policy. In that case, the defendant moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. In a report and recommendation issued on February 8, 2008, the Magistrate Judge carefully reviewed the relevant grievances and grievance responses and considered whether prison officials' applied the Grievance Policy to Plaintiff's grievances in a manner that violated his First Amendment right of access to the courts. The Magistrate Judge concluded that the prison grievance process, as applied to Plaintiff's grievances, did not violate his First Amendment rights. On April 28, 2008, the Court issued an opinion and order adopting the report and recommendation and granted summary judgment in favor of the defendant. Plaintiff has filed a notice of appeal in that case.

In the instant case, Plaintiff argues that Defendants' application of the Grievance Policy to the same grievances analyzed in the previous case resulted in a violation of his constitutional rights. Plaintiff also alleges that Defendants have abridged his First Amendment right to petition the government for the redress of grievances by applying the Modified Access provision of the MDOC grievance policy in an arbitrary and overbroad fashion. Further, Plaintiff alleges that Defendants have condoned and approved race discrimination and retaliation by their subordinate employees by denying or dismissing grievances about those employees.

II.   Dismissal Standards

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's

allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

        A.      Grievances Related to *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.)

Plaintiff's primary claim – that Defendants unconstitutionally denied grievances related to *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.) – is barred by the doctrine of collateral estoppel, also known as issue preclusion. Collateral estoppel is one of two preclusion concepts that comprise the doctrine of *res judicata*. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (citations omitted). Collateral estoppel "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Id.* (citation omitted). In order for collateral estoppel to apply: (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair

- 4 -

opportunity to litigate the issue in the prior proceeding. *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003) (quoting *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union*, 97 F.3d 155, 161 (6th Cir. 1996)).

The requirements of collateral estoppel are satisfied in this case. The issue raised by Plaintiff in this action was raised and litigated in his previous civil rights action, *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.). After a thorough analysis, the Court concluded in the previous case that the prison grievance process, as applied to Plaintiff's grievances, did not violate his First Amendment rights. The Court's determination of the issue was necessary to the disposition of the previous proceeding. In the previous case, the Court granted summary judgment in favor of the defendant because Plaintiff failed to exhaust his administrative remedies. While the Court did not reach the merits of Plaintiff's underlying claims raised in his complaint, the decision was dispositive as to the issue of exhaustion and whether Plaintiff's constitutional rights were violated by the application of the Grievance Policy to his grievances. Plaintiff had an opportunity to file a response to Defendant's motion for summary judgment and to file objections to the Magistrate Judge's report and recommendation. Thus, Plaintiff had a full and fair opportunity to litigate the issue in the prior proceeding. Consequently, Plaintiff is precluded from relitigating the issue in this case. Plaintiff, however, may seek appellate review of this Court's decision in *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.). As noted above, Plaintiff has filed a notice of appeal in that case.

Because Plaintiff's claim concerning the grievances related to his prior lawsuit is barred by *res judicata*, it lacks an arguable basis in law and is legally frivolous. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. Therefore, the claim should be dismissed as frivolous. *See Taylor v. Reynolds*, 22 F. App'x 537 (6th Cir. 2001) (affirming district court's dismissal of prisoner's complaint as frivolous pursuant to 28 U.S.C. § 1915(e), after concluding that the prisoner's complaint

was barred by *res judicata*); *Jackson v. Kinkela*, No. 98-3551, 1999 WL 623672 (6th Cir. Aug. 10, 1999) (same).

### B. Right to Petition and Right of Access to the Courts

Plaintiff next argues that Defendants have denied him his First Amendment right to petition for redress of grievances and his right of access to the courts by applying the modified access policy in an arbitrary and overbroad fashion. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (effective April 28, 2003). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ LL.

Plaintiff's claim rests on the assumption that there exists a freestanding constitutional right to file a grievance. The Sixth Circuit has recognized that the filing of a grievance is protected First Amendment conduct for which a prisoner may not be subjected to retaliation. *See Shehee v. Luttrell*, 199 F.3d 295, 300-301 (6th Cir. 1999); *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000). The Court, however, never has held that an inmate has an independent constitutional right to file an institutional grievance, apart from the First Amendment right not to be retaliated against for filing one. In contrast, courts regularly have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-

70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Moreover, even if Plaintiff does possess an independent constitutional right to file a grievance, Plaintiff has not established in this action that he was ever improperly prevented from filing a grievance.  Placement on modified access does not prohibit an inmate from utilizing the grievance process.  The inmate may still submit grievances to the grievance coordinator, who reviews the grievance to determine whether it complies with institutional rules regarding the filing of grievances.  There is nothing constitutionally improper about this review process for a prisoner who has demonstrated an inability to properly utilize the grievance process in the past.

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing lawsuit) cannot be compromised by his inability to file an institutional grievances.  *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977).  The exhaustion requirement only mandates exhaustion of available administrative remedies.   *See* 42 U.S.C. § 1997e(a).  If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action.  Here, Plaintiff relies on what he believes were improper applications of the modified access policy that he alleges impaired his right to pursue his claims in *LaFountain v. Martin*, 1:07-cv-76 (W.D. Mich.).  As previously discussed, however, the Court in that case reviewed each grievance or attempt to file a grievance to determine if a procedural requirement was properly applied.  Those determinations are on appeal in

that matter, and, as previously discussed, are barred from consideration in this case by collateral estoppel.

In light of the foregoing, the Court finds that Plaintiff's second count fails to state a claim.

### C.   Race Discrimination and Retaliation

In his third claim, Plaintiff complains that Defendants have condoned and approved the retaliatory and discriminatory actions of subordinate officers by denying grievances or rejecting grievances under the procedural requirements of the grievance policy. To the extent that Plaintiff complains about the alleged misapplication of the grievance policy to his claims against Anthony Martin, he again complains about an issue barred by collateral estoppel.

To the extent that he complains that Defendants Brevard, Harry, Armstrong and Caruso approved allegedly discriminatory and retaliatory actions of Anthony Martin by denying or rejecting Plaintiff's grievances, he fails to state a claim. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege that Defendants Brevard, Harry, Armstrong and Caruso engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 16, 2009          /s/ Paul L. Maloney
                               Paul L. Maloney
                               Chief United States District Judge